LLULL, APPELLANT, *v.* THE REGISTRAR, RESPONDENT,

APPEAL from a Decision of the Registrar of Property of Agua-
dilla Refusing to Enter an Extension of a Cautionary
Notice Ordered by the District Court of Aguadilla in a
Proceeding to Secure the Effectiveness of Judgment.

No. 195.—Decided August 1, 1914.

ADMINISTRATIVE APPEAL.—In deciding an administrative appeal, this court will
not consider documents which have not been presented to the registrar.

ID.—RECORD OF JUDICIAL ORDERS—EXTENSION OF NOTICE—EFFECTIVENESS OF
JUDGMENT.—When in a proper proceeding a court of competent jurisdiction
orders the extension of a notice in the registry refusing to record a deed,
in order to secure the effectiveness of the judgment to be rendered in an
action pending before said court, the registrar has no authority to refuse to
record the said judicial order on the ground that the period of 120 days
prescribed by the Act of March 1, 1902, relative to appeals from decisions
of registrars of property in cases of refusal to admit documents to record,
is not subject to extension, nor has a court the discretional power to extend
the same.

The facts are stated in the opinion.
Mr. *José de Diego* for the appellant.
Mr. Rafael Tirado Verrier filed a brief *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

In civil case No. 4666 brought by Alejo Llull y Nebot
against Balbina del Carmen Rodríguez and Pedro Perea
Fajardo in the District Court of Mayagüez for acknowledg-
ment of debt and record of mortgage, the following notice
was directed to the Registrar of Property of Aguadilla:

"To the Registrar of Property of Aguadilla:
"On application of the plaintiff in this case on the 6th instant for
the purpose of securing the effectiveness of judgment, the special
judge of this court made the following order:
" 'In accordance with the application, it is ordered that the record
of mortgage appearing on folio 139, vol. 10 of Aguada, property No.
321, quadruplicate, record 11, be extended until final judgment is
entered in this suit, and that the registrar be notified accordingly for

proper action. (Sd.) Salvador Mestre, Special Judge for this District.'

"And in compliance with the above order I issue this notice to you in duplicate so that you may make the proper entry in the registry under your charge.

"Mayagüez, June 8, 1914.

"PASCASIO FAJARDO, JR.,
"*Secretary.*

(Sd.)     "GENARO ALTIERY,
"*Deputy Secretary, District Court.*"

The registrar refused to make the entry ordered for the reasons stated in the following decision:

"The entry of the extension referred to in the foregoing document is denied because the period of 120 days fixed for cautionary notices in cases of refusal of records, notices or cancellations cannot be extended according to the Act of March 1, 1902, providing for appeals from decisions of registrars of property, and the courts have no discretional power to extend the said period, notwithstanding the provisions of sub-section "H" of the Act to secure the effectiveness of judgments, approved on the same date. The cautionary notice prescribed by law is entered for the legal period in favor of Alejo Llull y Nebot on the reverse sides of pages 175 and 231 of volume 10 of Aguada, property 321, quintuplicate, and No. 508, entries C and A, respectively, with the curable defects of failure to state the personal status of plaintiff, Alejo Llull y Nebot, or of the defendants, the said cautionary notice having been reentered because the property affected by the cautionary notice now sought to be extended is divided. Aguadilla, June 26, 1914. The Registrar, Rafael Tirado Verrier."

The above decision is submitted to our consideration by an administrative appeal taken therefrom by Alejo Llull y Nebot.

In support of his appeal, the appellant has filed besides the said notice and the above decision a copy of the complaint which originated the said action certified to by the Secretary of the District Court of Mayagüez on July 1 of the present year, but we cannot consider the said complaint in

deciding this appeal, because, as the date shows, the registrar did not have the same under consideration when he refused to make the entry sought.

The legal question raised by the registrar as to whether the period of 120 days fixed by the Act of March 1, 1902, providing for appeals from the decisions of registrars of property, for cautionary notices in cases of refusal of records, notices or cancellations, is subject to extension, is not pertinent to the case. This being a case of a judicial order of the District Court of Mayagüez granting an extension of the said record of mortgage in order to secure the effectiveness of a judgment in a case pending before the said court, we will consider only the primary question of whether the Registrar of Aguadilla was warranted in refusing to record the extension referred to in the notice which we have transcribed.

The Act to secure the effectiveness of judgments, approved March 1, 1902, whose sections 3 and 6 were amended by another Act of March 12, 1903, provides in section 1 as follows:

"Every person who shall bring an action for the fulfilment of any obligation, may obtain an order from the court having cognizance of the suit providing that the proper measures be taken to secure the effectiveness of the judgment as the case may require it, should it be rendered in his favor."

Section 2 of the same act prescribes the rules governing the effectiveness of the judgment and concludes as follows:

"(h) With respect to cases not provided for in the preceding rules, the court shall, in its discretion and in accordance with equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment."

And the unamended part of section 3 provides the following:

"None of the preceding remedies shall be decreed unless an action is entered, and a petition praying such remedy is made containing a statement of the points of law and of fact on which it is based."

The order to secure the effectiveness of the judgment was entered in a suit pending before the District Court of Mayagüez to secure the effectiveness of the judgment to be rendered as a result of the said suit, and, according to the provisions cited, the judge had jurisdiction to make the said order. The registrar cannot refuse to comply with the same, for the authority conferred upon him by section 18 of the Mortgage Law to pass on all documents issued by judicial authorities does not include the power to consider the grounds of judicial decisions or to determine the intrinsic justice or injustice thereof, as we said on November 3, 1911, in deciding the case of *Fernández v. The Registrar of Property*, 17 P. R. R., 1021, and that doctrine is laid down in decisions both previous and subsequent to that date.

The court having acted within its jurisdiction and in a proper proceeding, it is not the province of the registrar to decide whether the order was erroneous or not.

Moreover, the very act to secure the effectiveness of judgments provides in section 14 the procedure to be followed to substantiate all the allegations made by either party in the course of the proceedings regarding the remedy, and the interested party or parties can plead their rights before the same court which made the order in question.

The appellant states in his brief that his appeal does not extend to the curable defects referred to by the registrar in the decision appealed from, as these can be correctd at any time.

For the foregoing reasons, that part of the decision of the Registrar of Property of Aguadilla which has been appealed from should be reversed and the registrar be directed to make the entry denied.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.